| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO,<br><br>Boulder Justice Center<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: July 19, 2017 4:18 PM<br>FILING ID: B2AE2ACBDCAC7<br>CASE NUMBER: 2017CV30730 |
| **Plaintiffs:**<br>REPUBLIC FINANCIAL CORPORATION, a Colorado corporation, and GMT GLOBAL REPUBLIC AVIATION LIMITED, a Cayman Island company,<br><br>v.<br>**Defendants:**<br>NAVIGATORS INSURANCE COMPANY, a New York corporation, and NAVIGATORS MANAGEMENT COMPANY, INC., a New York corporation. | |
| DAVIS GRAHAM & STUBBS LLP<br>R. Kirk Mueller, No. 16746<br>Jennifer S. Allen, No. 48622<br>1550 Seventeenth Street, Suite 500<br>Denver, Colorado 80202<br>Telephone:    303-892-9400<br>Facsimile:    303-893-1379<br>Email:    Kirk.Mueller@dgslaw.com<br>          Jennifer.Allen@dgslaw.com<br><br>Attorneys for Plaintiffs | ▲ **COURT USE ONLY** ▲<br><br>Case No. |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs Republic Financial Corporation and GMT Global Republic Aviation Limited (collectively "Republic Financial") and, as their complaint in this matter, state as follows:

### I.    PARTIES

1.    Republic Financial Corporation is a corporation organized under the laws of Colorado with its principal place of business in Greenwood Village, Colorado.

2.    GMT Global Republic Aviation Limited is a corporation organized under the laws of the Cayman Islands with its principal place of business formerly in Ireland, but currently

in Colorado. GMT Global Republic Aviation Limited is a wholly-owned subsidiary of Republic Financial.

3.      Upon information and belief, Defendant Navigators Insurance Company is a corporation formed under the laws of the State of New York, with its principal place of business in New York, New York. At all relevant times, Navigators Insurance Company was authorized to conduct business in Colorado and contracted to provide liability insurance coverage to Republic Financial.

4.      Upon information and belief, Defendant Navigators Management Company, Inc. (collectively with Navigators Insurance Company, "Navigators") is a corporation formed under the laws of the State of New York, with its principal place of business in New York, New York. At all relevant times, Navigators Management Company acted as the administrator for the insurance policy issued to Republic Financial.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over each of the parties herein pursuant to Section 9, Article VI of the Constitution of the State of Colorado and C.R.S. § 13-1-124 (a) through (d), as well as common law. Navigators transacted business in Colorado during the time periods relevant to the causes of action stated herein and was at relevant times under contract to insure persons, property, and risks residing or located in Colorado.

6.      Venue over this action is proper pursuant to C.R.C.P. 98(c).

## III.      STATEMENT OF THE CASE

7.      This is an action for breach of contract, bad faith, violation of the Colorado Consumer Protection Act ("CCPA"), and declaratory judgment brought by Republic Financial against its liability insurance carrier, Navigators. In this action, Republic Financial seeks a declaration of the parties' rights and obligations pursuant to the directors and officers liability insurance policy issued by Navigators to Republic Financial, reimbursement for the defense and indemnity costs Republic Financial incurred in connection with a lawsuit filed against it by a former employee, and damages for Navigators' bad faith breach of the insurance contract and violation of the CCPA.

## IV.      FACTUAL ALLEGATIONS

### A.      Relationship Between Republic Financial and Navigators

8.      Republic Financial is a private investor with a diverse portfolio of operating companies and assets.

9.      Beginning in 2006 and continuing through 2016, Republic Financial purchased a directors and officers liability/employment practices liability policy from Navigators.

10.     Specifically, on or around June 10, 2010, Navigators issued Policy No. NY10DOL231328IV, a "Directors and Officers Liability Policy Including Employment Practices and Securities Claims Coverage With Defense Costs Included in the Limit of Liability" (the "Policy") to Republic Financial.

11.     The Policy provides coverage for Republic Financial, as well as any subsidiaries, including but not limited to, GMT Global Republic Aviation Limited.

12.     Republic Financial timely paid its premium to Navigators and has otherwise complied with all obligations under the Policy.

13.     The Policy imposes on Navigators a duty to pay defense costs and to indemnify Republic Financial in connection with claims asserted against Republic Financial that are covered by the Policy, including Employment Practices Claims, as defined by the Policy.

14.     As the insurer, Navigators must treat Republic Financial's interests with equal regard to Navigators' own interests.

15.     As the insurer, Navigators has a duty to Republic Financial to not unreasonably deny or delay payment of insurance coverage.

16.     As the insurer, Navigators has a duty to Republic Financial to not misrepresent pertinent facts or insurance policy provisions relating to coverage.

17.     As the insurer, Navigators may not ignore evidence that supports coverage.

18.     As the insurer, Navigators has a duty to Republic Financial to conduct a reasonable investigation based upon all available information prior to refusing to pay claims.

19.     As the insurer, Navigators has a duty not to force Republic Financial to file a lawsuit in order to obtain the full coverage it is entitled to under the Policy.

**B.      The Massey Litigation**

20.     On or around June 10, 2010, Republic Financial terminated one of its employees working in Ireland, Mr. Ian Massey.

21.    Subsequently, Mr. Massey sued Republic Financial and its subsidiary, GMT Global Republic Aviation Limited, in Ireland (the "Massey Litigation").[1] Mr. Massey's suit was premised on his allegation that he was wrongfully terminated and defamed by Republic Financial.

22.    Mr. Massey's claims are covered by the Policy including, but not limited to, the portion of the Policy covering "Employment Practices Claims." As a result, pursuant to the Policy, Navigators is obligated to reimburse Republic Financial for the attorneys' fees and costs it incurred in connection with the Massey Litigation.

23.    Specifically, in consideration of premiums paid, Navigators is obligated under the Policy to pay Republic Financial its defense costs, any settlement costs, and other amounts Republic Financial is legally obligated to pay in connection with the Massey Litigation.

24.    Republic Financial promptly notified Navigators of the Massey Litigation and requested coverage for costs incurred in connection with the Massey Litigation.

25.    Navigators responded to Republic Financial by preliminarily denying coverage, but inviting Republic Financial to submit additional information showing that coverage might exist.

26.    At Navigators' invitation, Republic Financial submitted additional, new information over the course of the Massey Litigation showing that it was covered by the Policy.

27.    Navigators responded to each of Republic Financial's requests for coverage by denying the claim, for the time being, but inviting Republic Financial to submit any additional information that might justify coverage.

28.    The latest in this series of communications with Navigators was a telephone call on May 2, 2017. In that call, Navigators' counsel again denied Republic Financial's request for coverage as to both defense and indemnity costs but held open the possibility that Navigators could change its decision. Navigators' counsel continued to rely on inapplicable exclusions in the Policy while refusing to respond to the specific points raised by Republic Financial in its ongoing correspondence with Navigators.

29.    On or around May 3, 2017, Republic Financial entered into a Compromise Agreement with Mr. Massey, thereby settling the Massey Litigation, including Mr. Massey's claims for wrongful dismissal, discharge, and termination.

30.    Republic Financial has incurred significant attorneys' fees, defense costs, and settlement expenses in connection with the Massey Litigation.

---

[1] The litigation originated with a case in Denver District Court, *Republic Financial Corp. v. Ian Massey et al.*, Case No. 2010CV4750, which was dismissed on forum non conveniens grounds. Mr. Massey then brought certain claims against Republic Financial in Ireland.

31.     Despite the fact that the claims alleged in the Massey Litigation are covered by Navigators' Policy, and the Massey Litigation has now been concluded by the fully executed Compromise Agreement, Navigators has repeatedly failed and refused to reimburse and indemnify Republic Financial.

32.     Navigators' failure and refusal to acknowledge and perform its duties under the Policy, including its repeated failure and refusal to reimburse Republic Financial for any of its attorneys' fees and defense costs in connection with the Massey Litigation, is unreasonable and constitutes bad faith.

33.     Upon information and belief, Navigators' bad faith conduct, including but not limited to unreasonably denying and delaying coverage to several of its insureds, is part of its ongoing and regular business practice.

34.     Upon information belief, multiple insureds have asserted claims against Navigators for denying and delaying coverage in bad faith, and in breach of their insurance agreements with Navigators.

### First Claim for Relief
### (Breach of Contract: Common Law)

35.     The allegations set forth in Paragraphs 1 through 34 are incorporated herein by reference.

36.     Navigators is obligated under its Policy to pay defense costs and indemnify Republic Financial for expenses incurred and associated with the Massey Litigation.

37.     Navigators has failed or refused to acknowledge, accept, or undertake its obligations to pay or reimburse Republic Financial's attorneys' fees and costs related to the Massey Litigation and to indemnify Republic Financial in connection with the Massey Litigation.

38.     As a direct and proximate result of Navigators' breaches of its contractual duty to pay defense costs and indemnify Republic Financial, Republic Financial has suffered losses in an amount to be proven at trial. Republic Financial is entitled to recover these losses and all other direct, indirect, consequential, special, and compensatory damages it has suffered as a result of Navigators' breaches of contract.

## Second Claim for Relief
### (Anticipatory Breach of Contract: Common Law)

39.    The allegations set forth in Paragraphs 1 through 38 are incorporated herein by reference.

40.    Navigators is obligated under its Policy to indemnify Republic Financial for any and all attorneys' fees, costs, and other expenses associated with the Massey Litigation and Compromise Agreement.

41.    Navigators' past and ongoing denials of coverage for any attorneys' fees, costs, and other expenses incurred in connection with the Massey Litigation constitute a definite and unequivocal manifestation of its intention to not pay any attorneys' fees, costs, and other expenses associated with the Compromise Agreement. Such anticipated denial violates Navigators' duty to pay defense costs and to indemnify Republic Financial under the Policy.

42.    As a direct and proximate result of Navigators' anticipatory breach of its contractual obligation to pay defense costs and to indemnify, Republic Financial has suffered losses in an amount to be proven at trial. Republic Financial is entitled to recover these losses and all other direct, indirect, consequential, special, and compensatory damages it has suffered as a result of Navigators' anticipatory breach of contract.

## Third Claim for Relief
### (Bad Faith: Common Law and C.R.S. § 10-3-1116)

43.    The allegations set forth in Paragraphs 1 through 42 are incorporated herein by reference.

44.    Under Colorado law, Navigators owes Republic Financial a duty of good faith and fair dealing which duty includes making payments due under the Policy without unreasonable denial or delay.

45.    Navigators' conduct as described herein constitutes a breach of the standard of care by which Navigators' obligation of good faith and fair dealing is to be determined pursuant to Colorado law. Navigators' conduct includes, but is not limited to:

a.    Misrepresenting pertinent facts or insurance policy provisions relating to coverage;

b.    Ignoring evidence that supports coverage; and

c.    Failing to conduct a reasonable investigation based upon all available information prior to refusing to pay claims.

6

46.    Navigators knew, or recklessly disregarded, that its conduct was unreasonable and it willfully engaged in such unreasonable conduct.

47.    Republic Financial has suffered injuries, damages, and losses as a result of Navigators' misconduct.

48.    Pursuant to C.R.S. § 10-3-1116(1), Republic Financial is entitled to recover attorneys' fees and court costs, as well as twice the amount of the benefit recovered.

## Fourth Claim for Relief
### (Colorado Consumer Protection Act: C.R.S. § 6-1-113)

49.    The allegations set forth in Paragraphs 1 through 48 are incorporated herein by reference.

50.    Navigators engaged in deceptive and unfair trade practices, including but not limited to, unreasonably denying and delaying payment of insurance benefits and acting in bad faith with respect to claims submitted by its insureds.

51.    Navigators' conduct occurred in the course of its business of providing insurance.

52.    Navigators' business practice of unreasonably denying and delaying the payment of claims has significantly impacted its consumers including, but not limited to, Republic Financial, as evidenced by the multiple claims asserted against Navigators alleging bad faith and breach of its insurance contracts.

53.    Republic Financial has suffered injuries, damages, and losses as a result of Navigators' deceptive trade practices, including unreasonably denying and delaying coverage payments.

54.    Pursuant to C.R.S. § 6-1-113, Republic Financial is entitled to recover attorneys' fees and court costs, as well as treble damages.

## Fifth Claim for Relief
### (Declaratory Judgment: C.R.S. § 13-51-106)

55.    The allegations set forth in Paragraphs 1 through 54 are incorporated herein by reference.

56.    An actual legal controversy has arisen and now exists between Republic Financial and Navigators concerning whether the costs incurred by Republic Financial related to the Massey Litigation and Compromise Agreement are covered under the Policy.

57.    Republic Financial seeks a judicial determination of the parties' rights and obligations with respect to the Policy. In particular, Republic Financial contends that Navigators

is obligated under its Policy to pay defense costs and indemnify Republic Financial for all expenses that Republic Financial incurred in connection with the Massey Litigation, including the Compromise Agreement.

58.     A declaration regarding the parties' rights and obligations under the Policy will put an end to the controversy and remove uncertainty regarding whether Republic Financial's expenses are covered by the Policy. Accordingly, the controversy is ripe for determination.

59.     Pursuant to C.R.C.P. 57 and C.R.S. § 13-51-106, this Court may determine questions of construction of the Policy and the parties' obligations pursuant to that Policy, and may declare the rights, status, and legal relations between the parties to this dispute.

## PRAYER FOR RELIEF

WHEREFORE, Republic Financial respectfully requests that the Court enter a declaration and judgment in its favor and against Navigators, and award to Republic Financial:

a.     Such actual damages as this Court may deem just and proper;

b.     Double damages, pursuant to C.R.S. § 10-3-1116(1);

c.     Treble damages, pursuant to C.R.S. § 6-1-113;

d.     A declaration regarding the rights and obligations of the parties under the Policy;

e.     Costs incurred bringing this action;

f.     Reasonable attorneys' fees;

g.     Expert witness fees;

h.     Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

i.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Republic Financial hereby requests a trial by jury for all issues so triable.

DATED this 19th day of July, 2017.

_/s/ R. Kirk Mueller_
R. Kirk Mueller, Esq.
Jennifer S. Allen, Esq.
DAVIS GRAHAM & STUBBS LLP

**ATTORNEYS FOR PLAINTIFF
REPUBLIC FINANCIAL CORPORATION
AND GMT GLOBAL REPUBLIC AVIATION
LIMITED**

**Plaintiffs' Address:**
5251 DTC Parkway, Suite 300
Greenwood Village, CO 80111